UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TRAVIS UNIFIED SCHOOL DISTRICT,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD BELL and DEBRA BELL, individually and as parents on behalf of C.B., a minor,<br><br>        Defendants. | CIV. NO. 2:17-0808 WBS AC<br><br>ORDER RE: STIPULATED REQUEST TO SEAL |

----oo0oo----

The court is in receipt of the parties' stipulated request to seal, which requests that "all documents filed to date [in this action] be placed under seal" and the caption of this action be redacted to identify defendants Donald and Debra Bell only by their initials. (Docket No. 6.) The parties represent that such sealing and redaction are necessary to maintain the confidential identity of C.B., defendants' son.

Local Rules 140 and 141 provide that documents filed

1

with the court may be sealed or redacted only with approval of the court.[1]  See E.D. Cal. L.R. 140(b) ("No . . . redactions are permitted unless the Court has authorized the redaction."); id. 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law.").  The Ninth Circuit has held that a party seeking to seal or redact court documents bears the burden of overcoming "a strong presumption in favor of [public] access" to such documents.  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  To overcome that presumption, the party must "articulate compelling reasons supported by specific factual findings" in favor of sealing or redacting "that outweigh the general history of access and the public policies favoring disclosure."  Id. at 1178-79 (citation omitted).

   The parties have not provided the court any "compelling reasons" to seal "all documents filed to date" or redact defendants' full names from the case caption.  With respect to the parties' concern about maintaining C.B.'s confidential identity in this action, Local Rule 140(a) allows the parties to refer to C.B. only by his initials, which they have already done in the documents filed to date.  The court is not persuaded that sealing "all documents filed to date" and redacting defendants' full names from the case caption are also necessary to maintain C.B.'s confidential identity.  See Fresno Unified Sch. Dist. v.

---

[1] Local Rule 140(a) provides a number of exceptions to the general rule requiring court approval for redactions.  Other than the exception allowing for redaction of minors' full names, see E.D. Cal. L.R. 140(a)(i), such exceptions do not apply to the present request.

K.U., No. 1:12-CV-01699 MJS, 2014 WL 346554, at *3 (E.D. Cal. Jan. 30, 2014) (in "most" cases involving judicial review of an administrative decision regarding a minor's Free Appropriate Public Education rights, "redacting the name of the minor child to the child's initials is sufficient").

    IT IS THEREFORE ORDERED that the parties' request to seal all documents filed to date and redact defendants' full names from the case caption (Docket No. 6) be, and the same hereby is, DENIED.

Dated: June 12, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3